IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID K. VANCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 19-6132 |
| ) | |
| VINCENT MANCINI, MADDY ) | |
| ROSSOBILLO, Individuals; ) | |
| CHICAGO FLAMEPROOF AND ) | |
| WOOD SPECIALTIES CORP., ) | |
| NORTHERN ILLINOIS LUMBER ) | |
| SPECIALTIES CORP. & MADISON ) | Jury by Trial Demanded |
| L.L.C. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT *at* LAW

NOW COMES Plaintiff, DAVID K. VANCO, by and through his attorneys, Johnston Tomei Lenczycki & Goldberg LLC, and complains of Defendants, VINCENT MANCINI, MADDY ROSSOBILLO, CHICAGO FLAMEPROOF AND WOOD SPECIALTIES CORP., an Illinois corporation, NORTHERN ILLINOIS LUMBER SPECIALTIES CORP., an Illinois corporation, and MADISON L.L.C. (also known as Madison Montgomery, L.L.C.), an Illinois corporation, as follows:

## NATURE *of the* ACTION

1. Plaintiff brings this action under State Law in response to Defendant's shareholder oppression actions and refusal to permit examination of records pursuant to 805 ILCS 5/7.75(C).

2. Plaintiff alleges causes of action under state law for shareholder oppression, refusal to permit examination of records pursuant to 805 ILCS 5/7.75(C),

breach of fiduciary duty, and finally, breach of contract.

## JURISDICTION and VENUE

3. This action arises under and is brought under the State Laws of Illinois. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1332, as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claim under 28 U.S.C. §1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant transacts business in this District and all or substantial portion of the transactions in question occurred in this District.

## THE PARTIES

6. Plaintiff, DAVID K. VANCO, is an individual residing in Citrus County, Florida, and he is accordingly a resident of the State of Florida and a citizen of the United States.

7. Defendant, VINCENT MANCINI, was at all times relevant to this Complaint an individual residing in DuPage County, Illinois. Defendant, Vincent Mancini, is a resident of DuPage County, Illinois. Vincent Mancini is the President, Secretary, and Director of Chicago Flameproof and Wood Specialties Corp.

8. Defendant, MADDY ROSSOBILLO, is a resident of Kane County, Illinois. Maddy Rossobillo is a shareholder of Madison L.L.C. and is the vice president of Chicago Flameproof and Wood Specialties Corp.

9. Defendant, CHICAGO FLAMEPROOF AND WOOD SPECIALTIES CORP., is a corporation existing under the laws of the State of Illinois incorporated on June 4, 1991, with a principal place of business in Montgomery, Kane County, Illinois.

10. Defendant, NORTHERN ILLINOIS LUMBER SPECIALTIES CORP., is a corporation existing under the laws of the State of Illinois incorporated on August 20, 1991, with a principal place of business in Montgomery, Kane County, Illinois.

11. Defendant, MADISON L.L.C., is a corporation existing under the laws of the State of Illinois with a principal place of business in Montgomery, Kane County, Illinois.

## COUNT I
### Shareholder Oppression

12. On information and belief, Defendant, Vincent Mancini, is a majority shareholder of Chicago Flameproof and Wood Specialties Corp., Northern Illinois Lumber Specialties Corp., and Madison L.L.C.

13. On information and belief, Defendant, Maddy Rossobillo, is a majority shareholder of Northern Illinois Lumber Specialties Corp. and Madison L.L.C..

14. Madison L.L.C. is a shareholder of Chicago Flameproof and Wood Specialties Corporation.

15. Plaintiff, David K. Vanco, was issued one hundred and sixty shares of Chicago Flameproof and Wood Specialties Corp., having obtained his shares upon incorporation of Chicago Flameproof and Wood Specialties Corp on June 4, 1991 upon payment of cash received.

16. Upon incorporation on June 4, 1991 of Chicago Flameproof and Wood Specialties Corp., a total of one thousand shares were issued.

17. Chicago Flameproof and Wood Specialties Corp. has at all times had no more than six shareholders.

18. Chicago Flameproof and Wood Specialties Corp. is not a publicly traded company.

19. Chicago Flameproof and Wood Specialties Corp. is under sole control of Vincent Mancini and Maddy Rossobillo, to the exclusion of the minority shareholders.

20. The Chicago Flameproof and Wood Specialties Corp. By-Laws (Exhibit A) require the following meeting and notice of meeting:

- **A. Section 1. ANNUAL MEETING. An annual meeting of the shareholders shall be held on the second Tuesday in June of each year for the purpose of electing directors and for the transaction of such other business as may come before the meeting. If the day fixed for the annual meeting shall be a legal holiday, such meeting shall be held on the next succeeding business day.**

- **B. Section 4. NOTICE OF MEETINGS. Written notice stating the place, date and hour of the meeting, and in the case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered not less than ten nor more than sixty days before the day of the meeting, or in the case of a merger or consolidation not less than twenty nor more than sixty days before the meeting, either personally or by mail, by or at the direction of the chairman of the board, or the president, or the secretary, or the office or persons calling the meeting, or each shareholder of record entitled to vote at such meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail, addressed to the shareholder at his address as it appears on the records of the corporation, with postage thereon prepaid. When a meeting is adjourned to another time or place, notice need not be given of the adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken.**

21. On information and belief, since January of 1995, the majority shareholders and President and Secretary of Chicago Flameproof and Wood Specialties Corp., Vincent Mancini and Maddy Rossobillo, have never called or held an annual

meeting as required under Section 1 of the by-laws.

22. On information and belief, since January of 1995, the majority shareholders and President and Secretary of Chicago Flameproof and Wood Specialties Corp., Vincent Mancini and Maddy Rossobillo, have never provided notice of an annual meeting to David K. Vanco as required under Section 4 of the by-laws.

23. On information and belief, Vincent Mancini and Maddy Rossobillo are the sole active officers of Chicago Flameproof and Wood Specialties Corp.

24. David K. Vanco has made numerous written requests and verbal requests over the years to Chicago Flameproof and Wood Specialties Corp., to examine the corporate records. Chicago Flameproof and Wood Specialties Corp., through its officers Vincent Mancini and Maddy Rossobillo, refused David K. Vanco permission to inspect the corporate records.

25. On October 5, 2018 and April 30, 2019 David K. Vanco, made written requests to Chicago Flameproof and Wood Specialties Corp.'s registered agent William J. Arendt to obtain corporate records necessary for David K. Vanco to determine the value of his shares. The corporation failed to comply with the information request despite the requests for same.

26. From 1995 to 2015 Chicago Flameproof and Wood Specialties Corp. failed to provide a balance sheet, profit and loss statement, and tax return information to David K. Vanco.

27. Despite David K. Vanco's attempts at participating in Chicago Flameproof and Wood Specialties Corp.'s governance, the officers, Vincent Mancini and Maddy Rossobillo, have failed to provide any meaningful information regarding the corporation

to David K. Vanco, and further have taken steps to exclude David K. Vanco from any corporate meetings or communications.

28. Further, on information and belief, Defendants took steps to execute a plan to dilute David K. Vanco's shares, thus reducing the face value of David K. Vanco's shares. More specifically, Vincent Mancini, Maddy Rossobillo, and John Janssen (who is now deceased) created a corporation, Madison L.L.C., which borrowed five hundred thousand dollars ($500,000) from a bank.

29. The Defendants then utilized Madison L.L.C.'s capital to purchase newly issued Chicago Flameproof stock far below fair market value.

30. The Defendants did not provide David K. Vanco with the opportunity to purchase shares to maintain his ownership interest.

31. On information and belief, Vincent Mancini and Maddy Rossobillo are the current sole shareholders of Madison L.L.C.

32. On information and belief, Defendants purported to execute a cash merger with Northern Illinois Lumber Specialties Corp. without providing David K. Vanco notice or the opportunity to participate.

33. Defendants' actions have resulted in the minority shareholder oppression of David K. Vanco in that they have deprived David K. Vanco of meaningful participation in the management of the corporation and have diluted the value of his shares.

34. Vincent Mancini's and Maddy Rossobillo's actions with Chicago Flameproof and Wood Specialties Corp. toward David K. Vanco are patent shareholder oppression resulting in the remedies available under the Business Corporation Act, 805

ILCS 5/12.56.

WHEREFORE, Plaintiff prays for equitable relief as follows:

A. An Order that Defendants provide complete access to the corporate records to the Plaintiff pursuant to 805 ILCS 5/7.75(b);

B. That Vincent Mancini be removed as President, Secretary, and director of the Corporation, pursuant to 805 ILCS 5/12.56(b)(3);

C. That Maddy Rossobillo be removed as Vice President of the Corporation pursuant to 805 ILCS 5/12.56(b)(3);

D. That an appointment of a custodian be made to manage the business and affairs of the corporation pursuant to 805 ILCS 5/12.56(b)(6);

E. That an accounting be conducted to determine the fair market value of the outstanding shares of Chicago Flameproof;

F. That a damage award be entered of ten percent (10%) of the outstanding shares of Vincent Mancini and Maddy Rossobillo to David K. Vanco, pursuant to 805 ILCS 5/7.5(d);

G. That a purchase by the corporation of all of the shares, at pre-dilution value, of David K. Vanco for their fair value pursuant to 805 ILCS 5/12.56(b)(11) be directed;

H. For such other and further relief as the Court feels is equitable and just.

## COUNT II
## Corporate Refusal to Permit Examination of Records 805 ILCS 5/7.75(C)

1 – 34. Plaintiff realleges Paragraphs 1 – 34 of this Complaint as Paragraphs 1 – 34 of COUNT II of his Complaint.

35. 805 ILCS 5/7.75 of the Business Corporation Act mandates that the corporation shall keep corporate records of account, minutes of proceedings of shareholders and boards of directors, and a list of shareholders.

36. 805 ILCS 5/7.75 further grants the right to shareholders to inspect all of the above-mentioned records upon written request and with proper purpose.

37. David K. Vanco has made numerous written requests to Chicago Flameproof to examine particular corporate records.

38. David K. Vanco's purpose to examine the corporate records was two-fold: (1) to determine the value of his shares, as he was approached by the majority shareholders with a buy-out agreement well below market value and the dollar value of his initial buy-in, and with apparent share dilution; and (2) to determine the extent of corporate waste and wrong-doing on the part of Vincent Mancini and Maddy Rossobillo. Those written requests are attached to this Complaint as Exhibit B.

39. Chicago Flameproof's registered agent and attorney, William J. Arendt, responded to the written requests largely denying access to necessary corporate records. Those response letters are attached to this Complaint as Exhibit C.

40. 805 ILCS 5/7.75(c) provides that "if a corporation refuses examination, the shareholder may file suit in the circuit court of the county in which either the registered agent or principal office of the corporation is located to compel mandamus or otherwise such examination as may be proper. If a shareholder seeks to examine books or records of account the burden of proof is upon the shareholder to establish a proper purpose. If the purpose is to examine minutes or the record of shareholders or a voting trust agreement, the burden of proof is upon the corporation to establish that the shareholder does not have a proper purpose."

41. On multiple occasions, David K. Vanco was approached by Vincent Mancini and Maddy Rossobillo with a buy-out agreement.

42. Having been oppressed as described in Count I by Vincent Mancini and Maddy Rossobillo, David K. Vanco has insufficient knowledge to determine the fair

value of his shares. In the attached requests, the information requested was to be supplied to David K. Vanco's accountant so that he may provide a fair value figure for use in the buy-out negotiation. Understanding one's own interest in a corporation is a legitimate purpose.

43. David K. Vanco further requested information on past and present shareholders and share transactions, so that he could determine his actual ownership percentage.

44. Without any explanation, the Defendants refused this information despite being required under 805 ILCS 5/7.75(c) to establish that he did not have a proper purpose.

45. The Defendants did not conduct an investigation into whether David K. Vanco had a proper purpose for requesting same.

46. 805 ILCs 5/7.75(d) provides that any officer, agent, or corporation that refuses information requested for a proper purpose shall be liable to the shareholder for a penalty of up to ten percent (10%) of his or her ownership interest in the corporation.

47. On information and belief, the Chicago Flameproof's registered agent was acting upon direction from Vincent Mancini, Maddy Rossobillo, and on behalf of Madison L.L.C. Therefore, all three shareholders are liable for a penalty of up to ten percent (10%) of their shares.

   WHEREFORE, Plaintiff prays for equitable relief as follows

   A. An Order that Defendants provide complete access to the corporate records and past and present shareholder rolls to the Plaintiff pursuant to 805 ILCS 5/7.75(b);

B. That a joint and several damage award be entered of ten percent (10%) of the outstanding shares of Vincent Mancini, Maddy Rossobillo, and Madison L.L.C. to David K. Vanco, pursuant to 805 ILCS 5/7.5(d); and

C. For such other and further relief as the Court feels is equitable and just.

## COUNT III
## Breach of Fiduciary Duty

1 – 47. Plaintiff realleges Paragraphs 1 – 34 of COUNT I as Paragraphs 1 – 34 of COUNT III of his Complaint and Paragraphs 35 – 47 of COUNT II as Paragraphs 35 – 47 of COUNT III of his Complaint.

48. On information and belief, on or around August 20, 1991, Vincent Mancini and Maddy Rossobillo were presented with the opportunity to purchase a competing lumber treating business.

49. Vincent Mancini and Maddy Rossobillo formed Northern Illinois Lumber Corp. to purchase the existing lumber treating business.

50. On information and belief, on or around December 31, 1991, Vincent Mancini and Maddy Rossobillo utilized Northern Illinois Lumber Corp. to purchase the competing lumber treating business.

51. Northern Illinois Lumber and the business it acquired are substantially similar businesses to Chicago Flameproof.

52. Vincent Mancini's and Maddy Rossobillo's formation of Northern Illinois Lumber and purchase of the competing lumber treating business without presenting the opportunity to other Chicago Flameproof shareholders, including David K. Vanco, amounts to the usurpation of a corporate opportunity.

53. Shareholders of a closely held corporation owe fiduciary duties of loyalty to one another and the corporation. *Hagshenas v. Gaylord,* 199 Ill.App.3d 60, 557 N.E.2d 316, 323-324, 145 Ill.Dec. 546 (2d Dist. 1990).

54. Chicago Flameproof Corp. is a close corporation as it is managed by a small number of individuals and it is not publicly traded.

55. Vincent Mancini, Maddy Rossobillo, and Madison L.L.C. have a fiduciary relationship with David K. Vanco as fellow shareholders in a close corporation.

56. Further, Vincent Mancini and Maddy Rossobillo, as officers of Chicago Flameproof, owe fiduciary duties to the shareholders, including David K. Vanco.

57. Illinois Courts have found that usurpation of a corporate opportunity by a majority shareholder at the expense of a minority shareholder or corporation is a breach of fiduciary duty. *Graham v. Mimms,* 111 Ill.App.3d 751, 444 N.E.2d 549, 67 Ill.Dec. 313 (1st Dist. 1982).

58. Vincent Mancini, Maddy Rossobillo, and Madison L.L.C.., through the actions described above, have breached the fiduciary duties owed to David K. Vanco.

59. David K. Vanco has suffered from Vincent Mancini's, Maddy Rossobillo's, and Madison L.L.C.'s breach of fiduciary duties as described above by losing out on a lucrative opportunity.

60. Furthermore, on information and belief, Vincent Mancini has hired family members to ostensibly work for Chicago Flameproof. Those family members are nothing more than phantom employees. This arrangement enriches Vincent Mancini while reducing shareholder value.

61. On information and belief, Maddy Rossobillo knew of the existence of the phantom employees and failed to take any action to curb the abuse.

62. David Vanco has suffered from Vincent Mancini's and Maddy Rossobillo's breach of fiduciary duties by having his investment considerably devalued.

WHEREFORE, Plaintiff prays for legal relief as follows:

A. That the Court enter Judgment in his favor and against Defendants in an amount not less than $100,000, and

B. For such other relief as the Court believes is equitable and just.

## COUNT IV
## Breach of Contract

1 – 62. Plaintiff realleges Paragraphs 1 – 34 of COUNT I as Paragraphs 1 – 34 of COUNT IV of his Complaint and Paragraphs 35 – 47 of COUNT II as Paragraphs 35 – 47 of COUNT IV of his Complaint, and Paragraphs 48 – 62 of COUNT III as Paragraphs 48 – 62 of COUNT IV of his Complaint.

63. On or about June 4, 1991, Defendant Vincent Mancini and Plaintiff entered into a Shareholder Agreement requiring annual meetings. Exhibit D.

64. On information and belief, Defendants have failed to hold an annual meeting, up to and including the year 2018.

65. On information and belief, Defendants have failed to notify David K. Vanco of any annual meetings being held by Chicago Flameproof.

66. Furthermore, the Shareholder Agreement requires that any existing shares first be offered to the Corporation for purchase, and then to all existing shareholders in the event that the Corporation declines to purchase.

67. On information and belief, as recently as 2017, Vincent Mancini and Maddy Rossobillo, individually and through Madison L.L.C., effectuated the purchase of outstanding shares with the knowledge that David K. Vanco was not given notice of the opportunity to purchase shares and without supplying the same to David K. Vanco.

68. Defendants' actions have harmed David K. Vanco by preventing him from retaining his percentage ownership interest in Chicago Flameproof Corp.

69. David K. Vanco is further harmed by not being given the opportunity to purchase shares of Chicago Flameproof Corp.

WHEREFORE, Plaintiff prays for legal relief as follows:

A. That the Court enter Judgment in his favor and against Defendants in an amount not less than $100,000, and

B. For such other relief as the Court believes is equitable and just.

| | |
|---|---|
| Michael A. Goldberg (6309094)<br>Robert J. Tomei Jr. (6310339)<br>JOHNSTON TOMEI<br>LENCZYCKI & GOLDBERG, LLC<br>350 N Milwaukee Ave., Ste. 202<br>Libertyville, IL 60048<br>P: (847) 549-0600;<br>F: (847) 589-2263<br>E: Mike@LawJTLG.com | Respectfully Submitted,<br>**Plaintiff DAVID K. VANCO**<br>By: */s/ Michael A. Goldberg*<br>One of the Attorneys for Plaintiff |

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any claim, share, account, sale or file associated with plaintiff. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By:/s/*Michael A. Goldberg*
One of the Attorneys for Plaintiff