**IN UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID K. VANCO, Individually, and** | ) | |
| **Derivatively on behalf of CHICAGO** | ) | |
| **FLAMEPROOF AND WOOD** | ) | |
| **SPECIALTIES, CORP.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 19-6132** |
| | ) | |
| **VINCENT MANCINI, MADDY** | ) | |
| **ROSSOBILLO, Individuals;** | ) | |
| **CHICAGO FLAMEPROOF AND** | ) | |
| **WOOD SPECIALTIES CORP.,** | ) | |
| **NORTHERN ILLINOIS LUMBER** | ) | |
| **SPECIALTIES CORP. & MADISON** | ) | **Trial by Jury Demanded** |
| **MONTGOMERY, L.L.C.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>SECOND AMENDED COMPLAINT *at* LAW</u>

NOW COMES Plaintiff, DAVID K. VANCO, Individually, and Derivatively on behalf of CHICAGO FLAMEPROOF AND WOOD SPECIALTIES, CORP. by and through his attorneys, Johnston Tomei Lenczycki & Goldberg LLC, and complains of Defendants, VINCENT MANCINI, MADDY ROSSOBILLO, CHICAGO FLAMEPROOF AND WOOD SPECIALTIES CORP., an Illinois corporation, NORTHERN ILLINOIS LUMBER SPECIALTIES CORP., an Illinois corporation, and MADISON MONTGOMERY, L.L.C. (previously identified as Madison, L.L.C.), an Illinois limited liability company, as follows:

## <u>NATURE *of the* ACTION</u>

1.      Plaintiff brings this action under State Law in response to Defendant's shareholder oppression actions and refusal to permit examination of records pursuant to 805 ILCS 5/7.75(C).

2.      Plaintiff alleges causes of action under state law for shareholder oppression, refusal to permit examination of records pursuant to 805 ILCS 5/7.75(C), breach of fiduciary duty, breach of contract, and finally brings claims derivatively on behalf of CHICAGO FLAMEPROOF AND WOOD SPECIALTIES, CORP., by virtue of his status as shareholder of same.

## JURISDICTION *and* VENUE

3.      This action arises under and is brought under the State Laws of Illinois. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1332, as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant transacts business in this District and all or substantial portion of the transactions in question occurred in this District.

## THE PARTIES

5.      Plaintiff, DAVID K. VANCO, is a citizen of Citrus County, Florida, a citizen of the United States (hereinafter also "Vanco"), and a holder of 160 shares of common stock in CHICAGO FLAMEPROOF AND WOOD SPECIALTIES CORP., an Illinois Corporation since its incorporation in 1991.

6.      Defendant, VINCENT MANCINI, is a citizen of DuPage County, Illinois. Vincent Mancini is the President, Secretary, Director, Chairman and Chief Executive Officer of Chicago Flameproof and Wood Specialties Corp, and a member of Madison Montgomery LLC (hereinafter also "Mancini").

7.      Defendant, MADDY ROSSOBILLO, is a citizen of Kane County, Illinois. Maddy Rossobillo is a shareholder of Chicago Flameproof and Wood Specialties Corp, the vice president of Chicago Flameproof and Wood Specialties Corp., and a member of Madison Montgomery LLC (hereinafter also "Rossobillo").

8.      Defendant, CHICAGO FLAMEPROOF AND WOOD SPECIALTIES CORP., is a corporation existing under the laws of the State of Illinois incorporated on June 4, 1991, with a principal place of business in Montgomery, Kane County, Illinois (hereinafter also "Chicago Flameproof").

9.      Defendant, NORTHERN ILLINOIS LUMBER SPECIALTIES CORP., is a corporation existing under the laws of the State of Illinois incorporated on August 20, 1991, with a principal place of business in Montgomery, Kane County, Illinois (hereinafter also "Lumber").

10.     Defendant, MADISON MONTGOMERY LLC, is a limited liability company existing under the laws of the State of Illinois, originally organized on May 29, 1997, as Madison, L.L.C., with a principal place of business in Montgomery, Kane County, Illinois (hereinafter also Madison). The current members of MADISON MONTGOMERY LLC are VINCENT MANCINI, a citizen of Illinois, and MADDY ROSSOBILLO, a citizen of Illinois.

## COUNT I
### (Against Vincent Mancini, Maddy Rossobillo, and Madison Montgomery LLC, nominally against Chicago Flameproof)

### Shareholder Oppression under the Business Corporation Act, 805 ILCS 5/12.56

11.     That addition to his roles at Chicago Flameproof, Defendant, Vincent Mancini, is a member of Madison Montgomery LLC, and the sole manager of Madison Montgomery LLC.

12.     In addition to his roles at Chicago Flameproof, Defendant, Vincent Mancini, is the President, Secretary, and on information and belief, a shareholder and Director of Northern Illinois Lumber Specialties Corp.

13.     Vincent Mancini is a shareholder of CHICAGO FLAMEPROOF AND WOOD SPECIALTIES CORP. and on information and belief, claims to be the current holder of 2020 shares of common stock in CHICAGO FLAMEPROOF AND WOOD SPECIALTIES CORP.

14.     In addition to his roles at Chicago Flameproof, Defendant, Maddy Rossobillo, is a Member of Madison Montgomery LLC, and on information and belief, a shareholder of Northern Illinois Lumber Specialties Corp.

15.     That Maddy Rossobillo is a shareholder CHICAGO FLAMEPROOF AND WOOD SPECIALTIES CORP. and on information and belief, claims to be the current holder of 50 shares of common stock in CHICAGO FLAMEPROOF AND WOOD SPECIALTIES CORP.

16.     That Madison Montgomery LLC is a shareholder of CHICAGO FLAMEPROOF AND WOOD SPECIALTIES CORP. and on information and belief, claims to be the current holder of 950 shares of common stock in CHICAGO

FLAMEPROOF AND WOOD SPECIALTIES CORP.

17.     That to the best of Plaintiff's information, there are no other current shareholders of Chicago Flameproof.

18.     That on information and belief, Vincent Mancini and Maddy Rossobillo are the only members of Madison Montgomery LLC.

19.     That in 1991, David K. Vanco invested $610,160 with Vincent Mancini and others into the entity that would become Chicago Flameproof. Mr. Vanco lent the startup company $610,000 at a below market rate of 8%, and purchased one-hundred and sixty (160) shares of stock for $1 each, which was the price paid by all incorporators at the time.

20.     Plaintiff, David K. Vanco, was issued one-hundred and sixty (160) shares of Chicago Flameproof and Wood Specialties Corp., having obtained his shares upon incorporation of Chicago Flameproof and Wood Specialties Corp on June 4, 1991 upon his investment.

21.     The incorporators approved and adopted a set of bylaws for the corporation and all shareholders entered into a shareholder agreement approximately concurrently with the incorporation. Bylaws of Chicago Flameproof and Wood Preserving Corporation are attached hereto and incorporated herein as Exhibit A. Chicago Flameproof and Wood Preserving Corporation Shareholders' Agreement is attached hereto and incorporated herein as Exhibit D.

22.     That the bylaws of Chicago Flameproof provide, among other things, the following:

(a) the corporation shall hold annual meetings of the shareholders on the second Tuesday in June of each year for the purpose of electing directors and transacting

other business;

(b) The corporation shall hold annual meetings of the directors immediately following the annual shareholders meetings;

(c) The corporation shall have three directors on its board of directors;

(d) The salaries of the officers shall be determined by the board of directors;

(e) That the board of directors may authorize any officer or agent to enter into contracts, or sign and deliver any instrument, on behalf of the corporation;

(f) That the board of directors must approve any loans contracted for by or on behalf of the corporation; *See* <u>Exh. A</u>.

23.    That the Shareholder Agreement provided, among other things, the following:

(a) Restrictions on the transfer of any of the shares of the corporation by any shareholder and a right of first refusal to purchase any shares being sold, first in the corporation, then in each remaining shareholder;

(b)The election of Mancini asdirector of the corporation as long as he remains a shareholder;

(c)The election of Mancini, for as long as he wishes, as chairman of the board and chief executive officer of the corporation;

(d) Total control of the day-to-day operations of the corporation to Mancini, subject to only two restrictions, to wit:

(i) All checks over $50,000 must be countersigned by Mancini and another corporate officer;

(ii) All capital expenditures in an amount in excess of $100,000 must be

approved by a majority of the board of directors;

(e) The election of Mancini as chairman of the board and chief executive officer, at the initial meeting of the board of directors. *See* <u>Exh. D</u>.

24.    That the effect of the Shareholder Agreement and By-Laws, when read together, was to give Mancini nearly unlimited, perpetual control of the affairs of the corporation, subject to the share transfer restrictions to protect the other shareholders' interests.

25.    Upon incorporation on June 4, 1991, Chicago Flameproof issued a total of one thousand shares of common stock. At that time, the shares of common stock were allocated as follows:

|  |  |
|---|---|
| Mancini | 370 shares |
| Vanco | 160 shares |
| Thomas Schude | 370 shares |
| John Janssen | 100 shares |
| Total: | 1000 shares |

26.    That on or about June 14, 1991, the shareholders of the corporation elected Mancini, John Janssen and Thomas Schude as directors of the corporation.

27.    That on or about June 23, 1991, the directors of the corporation elected Mancini as chairman of the board and chief executive officer, Janssen as President and Schude as secretary and treasurer of the corporation.

28.    That on or about June 23, 1991, using the company's new capital, Mancini executed a contract, on behalf of Chicago Flameproof, with the Gee Corporation, for the purchase of substantially all the assets of an existing lumber treating business.

29.     That Chicago Flameproof has at all times had no more than six shareholders.

30.     That at all times since 1991 to the present, the common stock of Chicago Flameproof has been held in a few hands, or in a few families, and has only rarely, been bought, sold, or otherwise transferred in that time.

31.     That Chicago Flameproof is not a publicly traded company.

32.     That all Chicago Flameproof shareholders signed the Shareholder Agreement at Exhibit. D, which substantially restricts the transfer and sale of common stock.

33.     That Chicago Flameproof is a close corporation.

34.     That under Illinois law the individual Defendants Mancini and Rossobillo and Defendant Madison are all shareholders, and as a consequence of their status as shareholders in a closely held corporation owe each other, and Plaintiff, fiduciary duties.

35.     That Chicago Flameproof and Wood Specialties Corp. is under control of Vincent Mancini, Maddy Rossobillo, and Madison Montgomery LLC to the exclusion of the minority shareholder Vanco.

36.     That from the incorporation of Chicago Flameproof to the present, Vincent Mancini and Maddy Rossobillo have controlled substantially all the operations and administrative activities of Chicago Flameproof without including the minority shareholders in any meaningful way.

37.     That regarding meetings, the Chicago Flameproof and Wood Specialties Corp. By-Laws (Exhibit A) require the following meeting and notice of meeting:

A.  Section 1. ANNUAL MEETING. An annual meeting of the shareholders shall be held on the second Tuesday in June of each year for the purpose of electing directors and for the transaction of such other business as may come before the

meeting. If the day fixed for the annual meeting shall be a legal holiday, such meeting shall be held on the next succeeding business day.

B. Section 4. NOTICE OF MEETINGS. Written notice stating the place, date and hour of the meeting, and in the case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered not less than ten nor more than sixty days before the day of the meeting, or in the case of a merger or consolidation not less than twenty nor more than sixty days before the meeting, either personally or by mail, by or at the direction of the chairman of the board, or the president, or the secretary, or the office or persons calling the meeting, or each shareholder of record entitled to vote at such meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail, addressed to the shareholder at his address as it appears on the records of the corporation, with postage thereon prepaid. When a meeting is adjourned to another time or place, notice need not be given of the adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken.

Bylaws at Art. II, Sec. 1 & 4. Ex. A.

38.     Contemporaneous with the formation of Flameproof the shareholders entered into a Shareholder Agreement dated July 20th, 1991, which provided in pertinent part at Section 7 that "All certificates representing shares in the Corporation issued and outstanding to any Shareholders, now or hereafter, shall have endorsed thereon the following legend: The Transfer, encumbrance and ownership of shares represented by this Certificate are restricted by and subject to the terms of the Shareholders Agreement among the Corporation and its Shareholders." *See* Exh. D, Shareholder Agreement.

39.     The Shareholder Agreement at "Section 8 Endorsement of New Shares Issued" further provides in pertinent part that: "The Shareholders hereby agree that all new shares of the Stock which may hereafter be issued or transferred to future shareholders shall be subject to all the terms and conditions of this Agreement, and shall be endorsed with the notice set forth above. The purchaser of any such shares shall be obligated to execute a counterpart of this Agreement. . . . and no shares shall be issued or transferred

on the books or records of the Corporation until such counterpart of this Agreement shall have been executed." *See* <u>Exh. D</u>, Shareholder Agreement at §8.

40.     At Section 1 General Restrictions on Transfer of Stock the Shareholder Agreement restricts a Shareholder's transfers "of all stock owned or hereafter acquired "whether by purchase, gift, stock dividend, stock split or otherwise: except to "Permitted Transferees." *See* <u>Exh. D</u>, Shareholder Agreement at §1.

41.     At Section 2 "Permitted Transferees" are limited to relatives or trusts for their benefit and such persons must become a party to the Shareholder Agreement. *Id*. at §2.

42.     At Section 3.a. "Transfer to Third Parties" provides in part that "no shares of the Stock shall be transferred by a Shareholder to any person or entity other than a Permitted Transferee unless" the Shares are offered first to the corporation and second to the shareholders in such case pro rata in successive pro rata offerings to shareholders until all are purchased or declined. *Id*. at §3.a.

43.     Section 3.e. triggers the same anti-dilution procedure in the event the death of a shareholder causes a transfer by operation of law. *Id*. at §3.e.

44.     Section 3.d. sets forth a book value formula for valuation of stock to be applied to the anti-dilution provisions set forth in the Shareholder Agreement in Section 3.

45.     On information and belief, since January of 1995, neither Vincent Mancini nor Maddy Rossobillo, nor Chicago Flameproof nor Madison, nor any of their agents have ever called or held an annual shareholders meeting as required under Section 1 of the by-laws.

46.     On information and belief, since January of 1995, neither Vincent Mancini

nor Maddy Rossobillo, nor Chicago Flameproof nor Madison, nor any of their agents have ever provided notice of any meeting to David K. Vanco as required under Section 4 of the by-laws.

47. On information and belief, since January of 1995, neither Vincent Mancini nor Maddy Rossobillo, nor Chicago Flameproof nor Madison, nor any of their agents have ever provided notice to David K. Vanco of any Special Meetings, as provided in Article II, Section 2 of the bylaws, though on information and belief, dozens, if not hundreds of such meetings occurred since incorporation.

48. That Article II, Section 2 of the Bylaws specifically disallows David Vanco from calling any special meetings, as his 16% interest falls below the 20% threshold established.

49. That since 1995, Vincent Mancini has refused to communicate with David K. Vanco. In that time, there has been only two communications, which occurred in approximately June of 2000 and July of 2002.

50. That since 1995, the only person at Chicago Flameproof that was willing to speak to David Vanco for even a minute has been Maddy Rossobillo.

51. Since 1991, Chicago Flameproof has issued no dividends.

52. On information and belief, Vincent Mancini and Maddy Rossobillo are the sole active officers of Chicago Flameproof and the only shareholders who have received any compensation in any form by way of salary, wages, benefits or dividends (if any).

53. That according to the few financial records that Plaintiff has been provided regarding Chicago Flameproof, Mancini and Rossobillo apparently drew combined salaries

of approximately $516,388 per year in 2018, $654,461 per year in 2017, and $561,210 per year in 2016.

54.     That according to the few financial records that Plaintiff has been provided regarding Chicago Flameproof, Mancini, Rossobillo, and Madison apparently borrowed from the company approximately $36,000 in 2017, and $10,437 in 2015.

55.     That according to the few financial records that Plaintiff has been provided regarding Chicago Flameproof, Mancini, Rossobillo, and Madison apparently owed the Corporation approximately $320,237 at the close of 2019, as well.

56.     That according to the information Plaintiff has received over the years, the ownership of shares in the corporation has changed several times. That specifically, on or about September 1999 to April 2000, on information and belief and to the best of Plaintiff's current knowledge, after the Madison share purchase, the share breakdown was:

| | |
|---|---|
| Mancini | 370 shares |
| Vanco | 160 shares |
| Thomas Schude | 0 shares |
| John Janssen | 100 shares |
| Madison LLC | 950 shares |
| Total: | 1,580 shares |

See, Portion of Chicago Flameproof Fax regarding Madison LLC's planned conversion of membership interest, bearing date of 4/18/00, attached hereto and incorporated herein as Exhibit F.

57.     That on or about June 28, 2000 the share breakdown was reported by Mancini to be:

| | |
|---|---|
| Mancini | 370 shares |
| Vanco | 160 shares |
| John Janssen | 100 shares |
| Madison LLC | 950 shares |
| Tom Shude | 128 shares |
| Total: | 1,708 shares |

*See,* Notice of Shareholder Action, Written Consent in Lieu of Meeting and Exhibit, collectively attached hereto and incorporated herein as Exhibit G.

58.     That as of June 28, 2000, Vincent Mancini voted the shares of himself, Janssen, and Madison. *See* Exh. G.

59.     That in 2014, on information and belief, and to the best of Plaintiff's current knowledge, 3356 shares were outstanding.

60.     That in 2015 and through to the present, on information and belief, and to the best of Plaintiff's current knowledge, 3180 shares were outstanding.

61.     That on information and belief, and to the best of Plaintiff's current knowledge, at present, the share breakdown is:

| | |
|---|---|
| Mancini | 2020 shares |
| Vanco | 160 shares |
| Madison LLC | 950 shares |
| Maddy Rossobillo | 50 shares. |
| Total: | 3180 shares |

62.     That other share transactions may have occurred of which Plaintiff is

unaware.

63.     That other than the Notification at Exhibit G, Plaintiff was never notified of any transfers of stock, and was never offered the opportunity to participate in any transfer.

64.     That Plaintiff was not informed of the corporate action to issue 950 shares to Madison Montgomery, LLC for the total cost of $475,000, and was only informed of same after the fact.

65.     That Plaintiff was unaware that the Members of Madison Montgomery LLC, who were also shareholders of Chicago Flameproof, intended to convert their membership interests in the LLC to shares in the corporation, but that was the true intent of Mancini, Rossobillo, and Madison Montgomery, LLC. *See,* Exh. F.

66.     That on information and belief one or more share transfers occurred from 1995 to the present which were in violation of the Shareholder Agreement, Plaintiff was never notified of any offering, and it is apparent that transfers between shareholders occurred.

67.     David K. Vanco has made numerous written requests and verbal requests over the years to Chicago Flameproof and Wood Specialties Corp., to examine the corporate records. Chicago Flameproof and Wood Specialties Corp., through its officers Vincent Mancini and Maddy Rossobillo, refused David K. Vanco permission to inspect the corporate records. *See,* 10/5/18 and 4/20/19 Letters of David Vanco to Chicago Flameproof, attached hereto and incorporated herein as Exhibit B., and 6/12/98 and 12/14/98 Letters of David Vanco to Chicago Flameproof, attached hereto and incorporated herein as Exhibit E.

68.     On October 5, 2018 and April 30, 2019 David K. Vanco, made written

requests to Chicago Flameproof and Wood Specialties Corp.'s registered agent William J. Arendt to obtain corporate records necessary for David K. Vanco to determine the value of his shares and review the activities of the corporation, its directors, officers, employees and other agents.. The Corporation failed to comply with the information request despite the requests for same. *See,* Exhibit B, and Defendants' responses at Exhibit C.

69.     That David K. Vanco had previously requested records from Chicago Flameproof and was rebuffed. *See,* Exhibit E.

70.     That from 1995 to 2015 Chicago Flameproof failed to provide a balance sheet, profit and loss statement, and tax return information to David K. Vanco.

71.     Despite David K. Vanco's attempts at participating in Chicago Flameproof's governance as a shareholder with voting rights, the officers, Vincent Mancini and Maddy Rossobillo, have failed to provide any meaningful information regarding the corporation to David K. Vanco, have deprived Vanco of meaningful participation in the management of the corporation, and further have taken steps to exclude David K. Vanco from any corporate meetings or communications.

72.     Further, on information and belief, Defendants Mancini and Rossobillo took steps to execute a plan to dilute David K. Vanco's shares, thus reducing the face value of David K. Vanco's shares.

73.     More specifically, on or about May 29, 1997, Vincent Mancini, Maddy Rossobillo, and John Janssen (now deceased) created an Illinois limited liability company, Madison Montgomery LLC (originally designated Madison LLC), which on information and belief, borrowed four hundred seventy-five thousand dollars ($475,000) from a bank.

74.     That it was the purpose of Mancini, Rossobillo, and Janssen at that time to

enrich themselves by transferring to themselves in violation of the shareholder agreement additional shares of common stock far below their value, attract a new investor, then redeem those shares for inflated values, and then after redeeming their shares, direct Chicago Flameproof to offer Vanco a substantially lower price for his shares. *See*, Exh. F.

75.     On information and belief, Mancini and Rossobillo without notice under either the by-laws or the Shareholder Agreement purported to issue new stock not subject to the provisions of the Shareholder Agreement to which they are signatories, to a new shareholder, Madison Montgomery, LLC.

76.     That Defendants Mancini and Rossobillo then utilized Madison Montgomery LLC's loan proceeds to purchase the 950 newly issued Chicago Flameproof common shares for a value far below any value that would be arrived at following the Shareholder Agreement.

77.     That at the time of the issuance of 950 shares of Chicago Flameproof stock, Plaintiff was ready, willing and able to invest at least as much as Madison, and was willing to accept terms far better to the corporation than those demanded by Madison.

78.     That no officer or director of the corporation in 1997 investigated whether similar funds could be raised in any manner other than diluting the company shares by 49.5%.

79.     That there was no proper business purpose for issuing 950 shares for $475,000 to an insider-controlled LLC, when the amount of money raised was so low in comparison to the value of the shares issued, and the amount of dilution of present shareholder value that occurred as a result.

80.     Further, on information and belief, the new shares do not bear the

Restrictive Legend required by Section 8 of the Shareholder Agreement for newly issued shares or if the shares do bear the Restrictive Legend, such shares were not issued in accordance with the restrictions referenced in the legend and contained in the Shareholder Agreement.

81.    The Defendants Mancini, Rossobillo, and Chicago Flameproof did not provide David K. Vanco with the opportunity to purchase shares to maintain his ownership interest.

82.    That the Defendants Mancini, Rossobillo, and Chicago Flameproof did not provide any notice to David K. Vanco prior to the issuance of shares to Madison.

83.    Defendants thereby breached the anti-dilution provisions protecting David K. Vanco's shares and damaged Vanco by reducing the value of David K. Vanco's shares.

84.    The Defendants' actions to dilute Vanco and harm the company by depressing its share price were designed to enrich Mancini and Rossobillo, to the detriment of Vanco and the corporation.

85.    That Defendants Mancini's and Rossobillo's actions were in furtherance of their scheme to circumvent the anti-transfer, and anti-dilution restrictions of the shareholder agreement.

86.    That the Defendants Mancini's and Rossobillo's actions were in furtherance of their scheme to deprive Vanco of his rights as a shareholder while continuing to issue no dividends, despite repeated requests by shareholders.

87.    Defendants' Mancini and Rossobillo's actions have resulted in the minority shareholder oppression of David K. Vanco in that they have deprived David K. Vanco of meaningful participation in the decision making of the corporation and have diluted the

value of his shares both directly by the issuance of the shares at such a low value, and indirectly as the company is less attractive to outside buyers.

88.     Defendants' Mancini and Rossobillo's actions in issuing new shares to Madison breached the Shareholder Agreement and are therefore illegal, oppressiveand fraudulent and have damaged the minority shareholder David K. Vanco and have diluted the value of his shares.

89.     That the corporation's assets are being misapplied or wasted. Specifically, despite the corporation reporting Gross Revenues of $46,922,835, $55,925,564, and $56,267,153, in 2017, 2018, and 2019, respectively, no money is available for dividends.

90.     Between 2016 and 2018, the corporation has paid $18,704,039 in salaries.

91.     At that same time, the company has failed and refused to purchase Plaintiff David K. Vanco's shares for anything close to a reasonable share price.

92.     Vincent Mancini's, Maddy Rossobillo's and Madison's actions with Chicago Flameproof toward David K. Vanco are illegal, oppressive and fraudulent and Vanco is entitled to one or more of the remedies available under the Business Corporation Act, 805 ILCS 5/12.56 as may lie within the sound discretion of this Honorable Court.

93.     Alternatively, defendants Mancini and Rossobillo have breached their fiduciary duties to Vanco in their duties as officers and director and in their use of Madison to attempt to circumvent the Shareholder Agreement.

WHEREFORE, Plaintiff prays for equitable relief as follows:

A. An Order that Defendant Chicago Flameproof provide complete access to its corporate records to the Plaintiff pursuant to 805 ILCS 5/7.75(b);

B. That Vincent Mancini be removed as President, Secretary, and director of the Corporation, pursuant to 805 ILCS 5/12.56(b)(3);

C. That Maddy Rossobillo be removed as Vice President of the Corporation pursuant to 805 ILCS 5/12.56(b)(3);

D. That an appointment of a custodian be made to manage the business and affairs of the corporation pursuant to 805 ILCS 5/12.56(b)(6);

E. That an accounting be conducted to determine the fair market value of the outstanding shares of Chicago Flameproof;

F. That a damage award be entered in the amount of ten percent (10%) of the current value of David K. Vanco's shares of common stock in the corporation, pursuant to 805 ILCS 5/7.5(d), jointly and severally against Mancini, Rossobillo, and Madison Montgomery, LLC

G. That a purchase by the corporation of all of the shares, at pre-dilution ownership value, of David K. Vanco for their fair value pursuant to 805 ILCS 5/12.56(b)(11) be directed;

H. For such other and further relief as the Court feels is equitable and just.

## COUNT II
### (Against Chicago Flameproof and Wood Specialties Corp., Vincent Mancini, and Maddy Rossobillo)

### Corporate Refusal to Permit Examination of Records 805 ILCS 5/7.75(C)

1 – 93. Plaintiff realleges Paragraphs 1 – 93 above as and for Paragraphs 1 – 93 of COUNT II of his Complaint.

94.     805 ILCS 5/7.75 of the Business Corporation Act mandates that the corporation shall keep corporate records of account, minutes of proceedings of shareholders and boards of directors, and a list of shareholders.

95.     805 ILCS 5/7.75 further grants the right to shareholders to inspect all of the above-mentioned records upon written request and with proper purpose.

96.     David K. Vanco has made numerous written requests to Chicago Flameproof to examine particular corporate records.

97.     David K. Vanco's purpose to examine the corporate records was two-fold: (1) to determine the value of his shares, as he was approached by the majority shareholders with a buy-out agreement well below market value and with apparent share dilution; and (2) to determine the extent of corporate waste and wrong-doing on the part of Vincent Mancini, Maddy Rossobillo, and Madison Montgomery LLC Those written requests are attached to this Complaint as Exhibit B.

98.     That based on the known share transaction history, which apparently has violated the transfer restrictions of the Shareholders Agreement, it was also Plaintiff's proper purpose to request all records of share transactions so that he could properly arrive at a value of his shares.

99.     That based on the total lack of transparency, it was also proper for Plaintiff to request information regarding the corporation's relationships with outside entities, particularly when the corporation has economic ties to entities owned and controlled by the majority shareholder, and chairman/director for life, Vincent Mancini.

100.    Chicago Flameproof's registered agent and attorney, William J. Arendt, responded to the written requests largely denying access to necessary corporate records. Those response letters are attached to this Complaint as Exhibit C.

101.    805 ILCS 5/7.75(c) provides that "if a corporation refuses examination, the shareholder may file suit in the circuit court of the county in which either the registered agent or principal office of the corporation is located to compel *mandamus* or otherwise such examination as may be proper. If a shareholder seeks to examine books or records of account the burden of proof is upon the shareholder to establish a proper purpose. If the purpose is to examine minutes or the record of shareholders or a voting trust agreement,

the burden of proof is upon the corporation to establish that the shareholder does not have a proper purpose."

102.    On at least three occasions, David K. Vanco has been approached by Vincent Mancini (through Rossobillo) and by Maddy Rossobillo with a buy-out agreement.

103.    Having been oppressed as described in Count I by Vincent Mancini, Maddy Rossobillo, and Madison Montgomery LLC, David K. Vanco has insufficient knowledge to determine the fair value of his shares. In the attached requests, the information requested was to be supplied to David K. Vanco's accountant so that he may provide a fair value figure for use in the buy-out negotiation. Understanding one's own interest in a corporation is a legitimate purpose.

104.    David K. Vanco further requested information on past and present shareholders and share transactions, so that he could determine his actual ownership percentage.

105.    Defendant Chicago Flameproof, which is controlled by Mancini and Rossobillo, refused this information despite being required under 805 ILCS 5/7.75(c) to establish that he did not have a proper purpose.

106.    Neither Defendant Chicago Flameproof, nor Mancini nor Rossobillo, conducted an investigation into whether David K. Vanco had a proper purpose for requesting same.

107.    On information and belief, at about the same time as Chicago Flameproof was incorporated with David K. Vanco's $610,160 investment, Vincent Mancini and Maddy Rossobillo were presented with the opportunity to purchase a lumber treating business that is a competitor to Chicago Flameproof and Wood Specialties Corp.

108. On or about August 20, 1991, Vincent Mancini and Maddy Rossobillo formed Northern Illinois Lumber Corp., an Illinois corporation, with another then-shareholder, John Janssen.

109. On information and belief, on or around December 31, 1991, Vincent Mancini and Maddy Rossobillo utilized Northern Illinois Lumber Corp. to purchase the competing lumber treating business.

110. Northern Illinois Lumber Corp. and the business it acquired are substantially similar businesses to Chicago Flameproof, being the purchase, treating and sale of lumber, and all related and incidental business activities.

111. Chicago Flameproof at all times has and had the opportunity and capacity to engage in Northern Illinois Lumber's business activities, and therefore represented a corporate opportunity of Chicago Flameproof.

112. That Mancini breached fiduciary duties to Chicago Flame, and its shareholders, including Vanco, by failing to disclose and offer the opportunity to acquire the assets and business of Northern to the corporation, and its shareholders, at the time Mancini became aware of the opportunity.

113. That Mancini thereby misappropriated for his own benefit this corporate opportunity of Chicago Flameproof.

114. On information and belief, Northern Illinois Lumber Corp. and Chicago Flameproof are engaged with commerce between themselves, but the extent of this involvement has never been disclosed to Vanco, despite inquiries made and concerns raised by Vanco and other previous shareholders.

115.    That Plaintiff suspects, as prior shareholders have suspected, that Northern Illinois Lumber and Chicago Flameproof comingle assets.

116.    That upon information and belief Plaintiff alleges, that Mancini, Rossobillo and Madison have continuously refused to allow Plaintiff's access to corporate records to conceal their own wrongdoing, self-dealing and misappropriation of corporate funds and other property for their own benefit and for the benefit of Northern Illinois Lumber.

117.    That Mancini, Rossobillo, and Madison have taken numerous actions to actively conceal the facts alleged herein from David Vanco and to prevent him from discovering the true finances of the corporation its transaction history. That defendants Mancini and Janssen continue to take action to conceal their own wrongdoing and malfeasance and to prevent plaintiff from discovering and rectifying same all to the continuing detriment of plaintiff.

118.    At least one prior shareholder has asked for independent auditing of the corporation's financials and its relationship with Northern Illinois Lumber, but to the best of Plaintiff's knowledge, all such requests for audits have been refused.

119.    Indeed, on November 14, 1994, Vanco and shareholder Thomas Schude called a special meeting, and at that meeting a majority (Vanco 16% and Schude 37%) passed a resolution requiring an independent audit of the company's financial records. To the best of Plaintiff's knowledge, this never occurred, and that was due to Mancini's refusal.

120.    805 ILCs 5/7.75(d) provides that any officer, agent, or corporation that refuses information requested for a proper purpose shall be liable to the shareholder for a penalty of up to ten percent (10%) of shareholder's ownership interest in the corporation.

121.    On information and belief, the Chicago Flameproof's registered agent was acting upon direction from Vincent Mancini, Maddy Rossobillo, Chicago Flameproof and Wood Specialties Corp., and Madison Montgomery LLC, and therefore, all three shareholders are liable for a penalty of up to ten percent (10%) of the value of David K. Vanco's shares.

WHEREFORE, Plaintiff prays for equitable relief as follows

A. An Order that Defendants Chicago Flameproof, Vincent Mancini and Maddy Rossobillo provide complete access to the corporate records and past and present shareholder rolls to the Plaintiff pursuant to 805 ILCS 5/7.75(b);

B. That a damage award be entered jointly and severally against Mancini, Rossobillo and the Corporation equal to of ten percent (10%) of the value of the outstanding shares of David K. Vanco, pursuant to 805 ILCS 5/7.75(d); and

C. For such other and further relief as the Court feels is equitable and just.

## COUNT III
## (Against Vincent Mancini, Maddy Rossobillo and Madison Montgomery, LLC)

### Breach of Fiduciary Duty

1 – 121. Plaintiff realleges Paragraphs 1 – 121 above as and for Paragraphs 1 – 121 of COUNT III of his Complaint.

122. Vincent Mancini's and Maddy Rossobillo's formation of Northern Illinois Lumber and purchase of the competing lumber treating business without presenting the opportunity to other Chicago Flameproof shareholders, including David K. Vanco, amounts to the usurpation of a corporate opportunity.

123.    Shareholders of a closely held corporation owe fiduciary duties of loyalty to one another and the corporation. *Hagshenas v. Gaylord,* 199 Ill.App.3d 60, 557 N.E.2d 316, 323-324, 145 Ill.Dec. 546 (2d Dist. 1990).

124. Vincent Mancini, Maddy Rossobillo, and Madison Montgomery LLC each have a fiduciary relationship with David K. Vanco as fellow shareholders in a close corporation.

125. Further, Vincent Mancini and Maddy Rossobillo, as officers of Chicago Flameproof, owe fiduciary duties to the shareholders, including David K. Vanco.

126. Illinois Courts have found that usurpation of a corporate opportunity by a majority shareholder at the expense of a minority shareholder or corporation is a breach of fiduciary duty. *Graham v. Mimms,* 111 Ill.App.3d 751, 444 N.E.2d 549, 67 Ill.Dec. 313 (1st Dist. 1982).

127. Vincent Mancini and Maddy Rossobillo, through the actions described above, have breached the fiduciary duties owed to David K. Vanco.

128. David K. Vanco has suffered from Vincent Mancini's, Maddy Rossobillo's, and Madison Montgomery LLC's breach of fiduciary duties as described above by losing out on a lucrative opportunity.

129. David K. Vanco has suffered from Vincent Mancini's, Maddy Rossobillo's, and Madison Montgomery LLC's breach of fiduciary duties as described above by being unable to properly value his shares and evaluate purchase offers.

130. David K. Vanco has suffered from Vincent Mancini's, Maddy Rossobillo's, and Madison Montgomery LLC's breach of fiduciary duties as described above in that he has been consistently denied any dividends.

131. David K. Vanco has suffered from Vincent Mancini's, Maddy Rossobillo's, and Madison Montgomery LLC's breach of fiduciary duties as described above in that he has been diluted while he was forced to abide by a Shareholder Agreement with transfer

restrictions, while Mancini and Rossobillo have been able to avoid same via the Madison transfer.

132.    Furthermore, on information and belief, Vincent Mancini has hired family members to ostensibly work for Chicago Flameproof. Those family members are nothing more than phantom employees. This arrangement enriches Vincent Mancini while reducing shareholder value.

133.    On information and belief, Maddy Rossobillo knew of the existence of the phantom employees and failed to take any action to curb the abuse.

134.    David Vanco has suffered from Mancini's, Madison's and Rossobillo's breaches of fiduciary duties by having his investment considerably devalued.

135.    A demand by Vanco upon the corporation, its directors or officers to bring suit on behalf of Flameproof would be futile as said shareholders, directors and officers have consented, have knowledge of, have ratified or concealed or otherwise approved of the activities described above.

WHEREFORE, Plaintiff prays for legal relief as follows:

A.  That the Court enter Judgment in his favor and against Vincent Mancini, Maddy Rossobillo, and Madison Montgomery, LLC in an amount not less than $100,000, and

B.  For such other relief as the Court believes is equitable and just.

## COUNT IV
### Breach of Contract

1 – 135. Plaintiff realleges Paragraphs 1 – 135 above as and for Paragraphs 1 – 135 of COUNT IV of his Complaint.

136.    On or about July 20, 1991, Defendant Vincent Mancini, Plaintiff and the other current shareholders entered into a Shareholder Agreement requiring, among other things, annual meetings, and imposing share transfer restrictions.  See, Exh. D.

137.    That Plaintiff is without current information as to whether Madison Montgomery, LLC or Maddy Rossobillo has signed the shareholder agreement.

138.    That prior to David Vanco's investment, he was offered and he accepted as a condition to making the investment, the terms of the Shareholders Agreement, the explanations in the business plan, and the provisions of the Bylaws.

139.    That the agreement to enter into the shareholder agreement, and the restrictions contained therein, was material to David Vanco' investment into the company.

140.    That the parties' contract required David Vanco's loan to the company and purchase of shares, which occurred when he provided the $610,160 which was the financial genesis of Chicago Flameproof.

141.    That the shareholder agreement is a contract.

142.    That David Vanco fully performed the contract.

143.    That Defendants Vincent Mancini, and Defendants Maddy Rossobillo and Madison Montgomery LLC, have breached the contract in one of more of the following respects:

    A) On information and belief, Defendants have failed to hold any annual shareholders meetings, up to and including the year 2019;

    B) Defendants have failed to notify David K. Vanco of any annual shareholders meetings, and any special meetings being held by Chicago Flameproof.

C)  Defendants have violated the share transfer restrictions contained in the Shareholder Agreement when they entered into the Madison transfer;

D)  Defendants have violated the share transfer restrictions contained in the Shareholder Agreement when they apparently allowed share transfers between former and current shareholders Schude, Janssen's Estate, as well as current shareholders Mancini, Rossobillo, and Madison, LLC, without following the provisions of the Shareholder's Agreement that any existing shares first be offered to the Corporation for purchase, and then to all existing shareholders in the event that the Corporation declines to purchase.;

E)  Defendants have violated the spirit of the shareholder agreement, which purports to restrict the transfer of shares within the corporation to protect Vanco's interest;

F)  On information and belief, as recently as 2017, Vincent Mancini and Maddy Rossobillo, individually and through Madison Montgomery LLC, effectuated the purchase of outstanding shares with the knowledge that David K. Vanco was not given notice of the opportunity to purchase shares and without supplying the same to David K. Vanco;

G)  Defendants' actions have harmed David K. Vanco by preventing him from retaining his percentage ownership interest, without warning, in Chicago Flameproof, which he could reasonably have avoided or at least been informed of, had Defendants Mancini, Rossobillo, and Madison followed the terms of the Shareholders Agreement.

H) David K. Vanco was further damaged by not being given the opportunity to purchase shares of Chicago Flameproof.

WHEREFORE, Plaintiff prays for legal relief as follows:

A. That the Court enter Judgment in his favor and against Defendants in an amount not less than $100,000, and

B. For such other relief as the Court believes is equitable and just.


### COUNT V
### Shareholder Derivative Action by David Vanco on behalf of Chicago Flameproof and Wood Specialties Corp., against Mancini, Rossobillo, Madison Montgomery, LLC and Northern Illinois Lumber Specialties, Corp.

1 – 144. Plaintiff realleges Paragraphs 1 – 144 above as and for Paragraphs 1 – 144 of COUNT V of his Complaint.

144. That the acts alleged of Mancini, Rossobillo, and Madison above have damaged Chicago Flameproof and Wood Specialties Corp.,

145. That at all relevant times, David K. Vanco owned 160 common shares of Chicago Flameproof and Wood Specialties Corp. stock.

146. David K. Vanco now brings this count by virtue of his status as a shareholder of Chicago Flameproof and Wood Specialties Corp.

147. That Plaintiff has not made demand on defendants Mancini, Rossobillo, or Madison, or on Chicago Flameproof to commence or prosecute this action on the corporation's behalf because such demand would be futile.

148. Such a request would be futile because Mancini, Rossobillo, Madison are all guilty of all of the wrongful acts complained of herein.

149.    Such a request would be futile because the demonstrated animosity of the parties.

150.    Such a request would be futile because Mancini refuses to communicate with Vanco.

151.    Such a request would be futile because of the long history of deception and concealment by Mancini, Rossobillo, Madison.

152.    That as a result of the acts of Mancini, Rossobillo, and Madison, the corporation has been damaged in one or more of the following ways:

   A)  The corporation has wasted assets and reduced the value of all shareholders' holdings;

   B)  The corporation's aggregate value has been hampered;

   C)  The corporation's reputation in the industry has been damaged, reducing its value to potential buyers;

   D)  The corporation's employee rolls are clogged with phantom employees, and;

   E)  The corporation's value has been decreased for its failure to declare dividends, reducing its value to potential buyers;

WHEREFORE, Plaintiff prays for legal relief as follows:

A.  That an accounting be undertaken by, or under the direction of, this court to determine the amount of the funds, property and assets of Chicago Flameproof received by Mancini, Rossobillo, and Madison from July 1991 to the present;

B.  That an accounting be undertaken by, or under the direction of, this court to determine the amount of the funds, property and assets of Chicago Flameproof received by Northern Illinois Lumber Specialties Corp. from July 1991 to the present;

C. That an accounting be undertaken by, or under the direction of, this court to determine the amount of the funds, property and assets of Chicago Flameproof paid to Northern Illinois Lumber Specialties Corp. from July 1991 to the present;

D. That Mancini, Rossobillo, and Madison be compelled to disgorge, transfer and/or pay over to Chicago Flameproof all such funds, property and assets that the court determines have been wrongfully transferred or paid to them or others on their behalf.

E. That the Court order a dividend or other distribution to Plaintiff in a pro rata share to his ownership of the corporation, prior to dilution;

F. That a judgment be entered, in such amounts as the court finds, against Mancini, Rossobillo, Madison, and Northern Illinois Lumber Specialties, Corp., for the wrongful diversion of the funds, property and assets of Chicago Flameproof;

G. That Mancini, Rossobillo and Masdison each be ordered jointly and severally to pay plaintiff's attorneys fee and cost of suit.

H. That Mancini, Rossobillo, and Madison each be barred from receiving indemnification from Chicago Flameproof and Wood Specialties, Corp., and

I. For all further relief deemed just under the circumstances.

Timothy M. Johnston (6284320)
Robert J. Tomei Jr. (6310339)
JOHNSTON TOMEI
LENCZYCKI & GOLDBERG, LLC
350 N Milwaukee Ave., Ste. 202
Libertyville, IL 60048
P: (847) 549-0600;
F: (847) 589-2263
E: Tim@LawJTLG.com
E: Rob@LawJTLG.com

Respectfully Submitted,
**Plaintiff DAVID K. VANCO**
By: _/s/ Timothy M. Johnston_
One of the Attorneys for Plaintiff

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any claim, share, account, sale or file associated with plaintiff. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By:/*s/Timothy M. Johnston*
One of the Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this Tuesday, May 26, 2020, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

*/s/Timothy M. Johnston*